UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOR XIONG, | Case No. 2:22-cv-00538-TLN-JDP (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| JENNIFER BENAVIDEZ, | OBJECTIONS DUE IN FOURTEEN DAYS |
| Respondent.[1] | ECF No. 7 |

Petitioner Yor Xiong, a state prisoner represented by counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Respondent has filed a motion to dismiss, ECF No. 7, arguing that the state court judgment against petitioner is not yet final and that petitioner has not exhausted his sole habeas claim. Petitioner has responded, ECF No. 12, and respondent has filed a reply, ECF No. 13. The matter is on calendar for September 29, 2022, but I find a hearing unnecessary to resolve the matter. I recommend that respondent's motion to dismiss be granted because petitioner's conviction is not yet final.

No habeas rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however. *See O'Bremski v.*

---

[1] Respondent states that petitioner is currently incarcerated at the California Medical Facility where Jennifer Benavidez is warden. I will direct the Clerk of Court to substitute her as respondent.

1

1    *Maass*, 915 F.2d 418, 420 (9th Cir. 1991).  Under Rule 4, I evaluate whether it "plainly appears"

2    that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

3          Respondent argues that petitioner's conviction is not final because, on September 22,

4    2020, the state appellate court remanded a gun enhancement to the trial court to determine

5    whether to maintain or strike it.  ECF No. 7 at 2; ECF No. 8-2 at 75.  As of the filing of

6    respondent's motion to dismiss, the state trial court has not ruled on the matter.  ECF No. 7 at 2.

7    Respondent contends that, under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37

8    (1971), this court must dismiss petitioner's habeas claims because they implicate pending state

9    criminal proceedings.  I agree.

10         *Younger* abstention is required where: (1) state proceedings are ongoing; (2) the

11   proceeding implicates important state interests; (3) the plaintiff is not barred from litigating

12   federal constitutional issues in the state proceeding; and (4) "the federal court action would enjoin

13   the proceeding or have the practical effect of doing so, i.e., would interfere with the state

14   proceeding in a way that *Younger* disapproves."  *San Jose Silicon Valley Chamber of Commerce*

15   *Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th. Cir. 2008).  Here, the

16   proceedings are ongoing.  Criminal proceedings implicate important state interests.  *See Kelly v.*

17   *Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice

18   systems free from federal interference is one of the most powerful of the considerations that

19   should influence a court considering equitable types of relief.").  Petitioner has not been barred

20   from litigating his federal constitutional claims; in fact, as respondent notes in her reply,

21   petitioner may still be able to raise his ineffective assistance claim in a state habeas petition.  *See*

22   ECF No. 13 at 2.  Finally, granting petitioner's ultimate requested relief—that his conviction be

23   overturned and he be released from custody—would interfere with the state court's proceedings

24   regarding his enhancement.

25         For his part, petitioner does not dispute that the trial court has yet to decide the

26   enhancement issue that was remanded.  ECF No. 12 at 2.  He argues, however, that the third

27   *Younger* factor is not met, because the remand is limited to the issue of the enhancement and he

28

cannot raise his ineffective assistance claims in those proceedings.[2]  *Id.*  But, as respondent argues, petitioner has not yet exhausted the ineffective assistance of counsel claim he has presented to this court.  ECF No. 7 at 4.  And he may present the issue to the state courts by way of a habeas petition.  ECF No. 13 at 2.

It is ORDERED that the Clerk of Court shall substitute Jennifer Benavidez as the respondent in this action.

I recommend that respondent's motion to dismiss, ECF No. 7, be GRANTED and the petition be dismissed under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971).

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   August 1, 2022

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner also argues that "it is difficult to see how the pending enhancement issue could implicate 'important state interests.'"  ECF No. 12 at 2.  He does not elaborate on this argument, however.  As noted *supra*, it is settled law that ongoing criminal proceedings implicate important state interests.

3